IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

    Plaintiff,

v.                          CASE NO. 20-3020-SAC

DAKOTA LOOMIS, et al.,

    Defendants.

**O R D E R**

    Plaintiff, Joseph Lee Jones, who is currently detained at the Douglas County Jail in Lawrence, Kansas, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g); he may proceed *in forma pauperis* only if he establishes a threat of imminent danger of serious physical injury. The Court found that Plaintiff's Complaint presents no claim that Plaintiff was in danger of serious physical injury at the time of filing, and ordered Plaintiff to submit the filing fee. On February 10, 2020, the Court dismissed this case without prejudice under Fed. R. Civ. P. 41(b) for failure to submit the filing fee by the deadline. (Docs. 9, 10.) On February 18, 2020, Plaintiff filed a Notice of Appeal (Doc. 11). This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment (Doc. 15) filed on February 19, 2020.

    Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

    A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the

moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff filed this case on January 15, 2020. Plaintiff's motion suggests that a jail guard "inadvertently" solicited another inmate to harm Plaintiff on January 19, 2020. Plaintiff argues that this "future danger" should be sufficient to show that he was in imminent danger of serious physical injury at the time of filing his complaint. Plaintiff's argument is without merit and he fails to show that he is entitled to relief from the Court's judgment dismissing this matter. Plaintiff fails to show an intervening change in the controlling law; the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or the need to correct clear error or prevent manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its February 10, 2020 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 15) is **denied.**

**IT IS SO ORDERED**.

**Dated February 21, 2020, in Topeka, Kansas.**

                                             **s/ Sam A. Crow**
                                             **SAM A. CROW**
                                           **U. S. Senior District Judge**